**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PROCESSPOINT INVESTMENTS, LIMITED,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.: ______________** |
| **PHARMA FUNDING LLC; PHARMA FUNDING ARAV, LLC; and WELLNESS FUNDING, LLC** | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL**

Defendants, Pharma Funding, LLC ("Pharma Funding"); Pharma Funding ARAV, LLC ("ARAV"); and Wellness Funding, LLC ("Wellness Funding") (collectively, the "Defendants"), hereby give notice pursuant to 28 U.S.C. § 1446 that this civil action ("Civil Action") filed by Plaintiff, Processpoint Investments Limited (the "Plaintiff"), is hereby removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama. This Court has jurisdiction over this Civil Action for the reasons discussed in this Notice of Removal.

**I. Background.**

1. On November 15, 2023, the Plaintiff initiated the Civil Action, styled *Processpoint Investments Limited v. Pharma Funding, LLC, et al.*, Civil Action No. 02-CV-2023-902429 (the "Litigation"), in the Circuit Court of Mobile County, Alabama (the "State Court") by filing its complaint (the "Original Complaint"). (*See* Circuit Court Doc. 2).

2. On February 5, 2024, the Plaintiff filed an amended complaint (the "Amended Complaint"). (*See* State Court Doc. 44).

3. In both versions of the Plaintiff's complaint, the Plaintiff asserts claims against the Defendants, as well as Fortune Holdings, LLC ("Fortune"), an entity not affiliated with the Defendants that was subsequently dismissed from the Litigation.

4. The Plaintiff's claims arise from a $3,504,545.16 judgment entered by the Supreme Court of the State of New York, County of New York, against Pharma Funding, one of the Defendants. *See* Amended Complaint at ¶¶ 8 & 57-65. In the Amended Complaint, the Plaintiff seeks to pierce the corporate veil of Pharma Funding and two other entities, ARAV and Wellness. *See id.* at ¶¶ 46-49 & 66-73. In addition, the Plaintiff asserts a claim that Pharma Funding's sale of certain gloves previously located in a Mobile, Alabama warehouse (owned by Fortune Holdings) to a non-party constitutes a voidable transfer pursuant to Ala. Code § 8-9B-1, *et seq*. (the "Alabama Uniform Voidable Transaction Act").

5. On May 21, 2024, the Court dismissed Fortune Holdings from the lawsuit. (*See* State Court Doc. 131).

6. Attached hereto and marked as **Exhibit "A"** is a true and correct copy of the docket sheet from the Circuit Court of Mobile County, as well as the process, pleadings, notices, and orders delivered to any party in the Litigation.

**II. Subject Matter Jurisdiction Exists.**

7. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ." 28 U.S.C. § 1441(a). This court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

**A. Complete Diversity of Citizenship Exists.**

8. The Plaintiff is not a citizen of any state of which any Defendant is a citizen. As explained below, now, and at the time the Complaint was filed, the Plaintiff is a citizen of the country of Cyprus, and the Defendants are citizens of California and New York.

9. As explained in the Amended Complaint, the Plaintiff is a corporation organized and existing under the laws of Cyprus, with its principal place of business in Cyprus. Thus, upon information and belief, the Plaintiff is a citizen of Cyprus for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 51 (2d Cir. 2012) ("Every corporation is now treated for diversity purposes as a citizen of both its state of incorporation and its principal place of business, regardless of whether such place is foreign or domestic.").

10. ARAV is a Delaware limited liability company with its principal place of business in Newport Beach, California. Pharma Funding is the sole member of ARAV.

11. Pharma Funding is a Delaware limited liability company with its principal place of business in Newport Beach, California. Wellness is the sole member of Pharma Funding.

12. Wellness is a Delaware limited liability company with its principal place of business in Newport Beach, California. The members of Wellness are as follows:

a. LCAP ADVISORS, LLC
    i. The sole member of LCAP ADVISORS, LLC is Anand Narayanan, a citizen of California residing in Orange County, California.

b. COGENT ELEVEN, LLC

i. The sole member of COGENT ELEVEN, LLC is Amy Tomchak, a citizen of California residing in San Diego County, California.

c. LIDO ELEVEN, LLC

i. The members of LIDO ELEVEN, LLC are Michael English, a citizen of California residing in Orange County, California; and Amy Tomchak, a citizen of California residing in San Diego County, California.

d. ADMAT, LLC

i. The members of ADMAT, LLC are Matt Price, a citizen of California residing in San Diego, California; Todd Pearlman, a citizen of California residing in San Diego County, California; and Adam Stettner, a citizen of California residing in San Diego County, California.

e. WKS PHARMA, LLC

i. The sole member of WKS PHARMA, LLC is William Scripps, a citizen of California residing in San Diego County, California.

f. SUSTAINABLE INCOME, LLC

i. The sole member of SUSTAINABLE INCOME, LLC is Arthur Motch, a citizen of New York residing in Kings County, New York.

g. PEARL CAPITAL PARTNERS, LLC

i. The sole member of PEARL CAPITAL PARTNERS, LLC is Todd Pearlman, a citizen of California residing in San Diego County, California.

Thus, all three Defendants are citizens of California and New York for purposes of diversity jurisdiction. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen[.]")

13. Because the Plaintiff is a citizen of Cyprus, and Defendants are citizens of California and New York, there is complete diversity of citizenship between the parties.

**B. The Amount in Controversy Exceeds $75,000.**

14. The Plaintiff has asserted, among other things, a claim that the corporate veil between Pharma Funding, ARAV, and Wellness should be pierced and ARAV and Wellness should be liable for a $3,504,545.16 judgment entered by the Supreme Court of the State of New York, County of New York, against Pharma Funding. *See* Amended Complaint at ¶¶ 8 & 57-65. Moreover, the Plaintiff asserts a claim that Pharma Funding's sale of certain gloves for $110,884.00 to a non-party constitutes a voidable transfer pursuant to the Alabama Uniform Voidable Transaction Act. *See id.* at ¶¶ 46-49 & 66-73. These claims, which do not include the Plaintiff's request for punitive damages, clearly place more than $75,000.00 in controversy.

**III. Venue Is Proper in This District and Division.**

15. The Plaintiff filed the Amended Complaint in the Circuit Court of Mobile County, Alabama, which is located in this District and Division. *See* 28 U.S.C. § 81(c)(2). Accordingly, venue is proper under 28 U.S.C. § 1441(a).

**IV. Removal Is Timely.**

16. This Notice of Removal is being filed within 30 days after Defendants' receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the lawsuit has become removable.

17. Upon information and belief, Pawan Agrawal, who resides in Mobile County, Alabama, is the sole member of Fortune Holdings. Thus, Fortune Holdings is a citizen of Alabama. The State Court dismissed Fortune Holdings from the lawsuit by order entered on May 21, 2024. (*See* State Court Doc. 131). Prior to Fortune Holdings' dismissal, the case was not removable because Fortune Holdings is a citizen of Alabama. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

18. For these reasons, removal is timely. *See* 28 U.S.C. § 1446(b)(3) (providing that a removal is timely if the notice of removal is filed within 30 days of service of a paper making the case removable).

**V. The Other Removal Prerequisites Have Been Satisfied.**

19. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Circuit Court of Mobile County, Alabama, in accordance with 28 U.S.C. § 1446(d).

20. Written notice of the filing of this Notice of Removal will be given to the Plaintiff as required by law.

21. The allegations of this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the Southern District of Alabama, and this cause is removable to the United States District Court for the Southern District of Alabama.

22. If any question arises as to the propriety of the removal of this civil action, the Defendants request the opportunity to present a brief and oral argument in support of its position that this Civil Action is removable.

Respectfully submitted this the 23rd day of May, 2024.

*/s/ Evan N. Parrott*
Evan N. Parrott
Brad Reasonover

*Counsel for Pharma Funding, LLC; Pharma Funding ARAV, LLC; and Wellness Funding, LLC*

**OF COUNSEL:**

**MAYNARD NEXSEN P.C.**
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, Alabama 36602
(251) 432-0001
*eparrott@maynardnexsen.com*
*rreasonover@maynardnexsen.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2024, a copy of the foregoing was served on the following by electronic mail:

Rick A. La Trace
Johnstone Adams, LLC
1 St. Louis Street, Suite 4000
Mobile, Alabama 36602
Rick.latrace@johnstoneadams.com

*Attorney for Processpoint Investments Limited*

*/s/ Evan N. Parrott*
Of Counsel