RANDY K. VOGEL (Bar No. 113674)
LAW OFFICES OF RANDY K. VOGEL
24338 El Toro Road, Suite E334
Laguna Hills, CA 92637
Telephone: (949) 987-6096

Attorneys for Defendants, LCAP Advisors, LLC, Anand Narayanan, Cogent Eleven, LLC and Amy Tomchak

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROCESSPOINT INVESTMENTS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>PHARMA FUNDING, LLC, et al,<br><br>Defendants. | Case No. 8:24-cv-01593 JVS-DFM<br><br>**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS (FRCP 12(b)6)**<br><br>**Hearing Date:** **March 31, 2025**<br>**Hearing Time:** **1:30 p.m.**<br>**Judge:** **James V. Selna**<br>**Courtroom:** **10C** |

Defendants, Anand Narayanan, Amy Tomchak, LCAP Advisors, LLC and Cogent Eleven, LLC (the "Moving Defendants"), respectfully submit the following Reply to Plaintiff's Opposition to Moving Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In support this Reply, Moving Defendants also submit their concurrently filed Reply to Objections to Request for Judicial Notice.

## I. PRELIMINARY STATEMENT

As demonstrated by Moving Defendant's Motion to Dismiss, Plaintiff's Opposition, and this Reply (and Reply to Objections to Request for Judicial Notice):

A. Several material allegations of the SAC are demonstrably false; and

B. The SAC fails to allege sufficient and necessary allegations to support a claim of alter ego against Moving Defendants.

## II. PLAINTIFF DOES NOT ADEQUATELY PLEAD THE MOVING DEFENDANTS ARE THE ALTER EGO OF THE ENTITY DEFENDANTS

### A. Plaintiff Has Not Alleged Sufficient Facts to Demonstrate Fraud.

Plaintiff has failed to allege facts that would demonstrate that the Entity Defendants were created merely as sham and for no other purpose than as a vehicle for fraud. [*Wallace v. Wood* (1999) 752 A.2d 1175, 1184)].

*"[A] Court will disregard the corporate form only in the 'exceptional case.' Determining whether to do so requires a fact intensive inquiry, which may consider the following factors, none of which are dominant: (1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the controlling shareholder siphoned company funds; or (5) whether, in general, the company simply functioned as a facade for the controlling shareholder***. *<u>**Delaware courts also must find an element of fraud to pierce the corporate veil.**</u>*"* [*Winner Acceptance Corp. v. Return on Capital Corp.,* No. 3088-VCP, 2008 WL 5352063, at pp. 11-12 (Del. Ch. 2008), emphasis added]

Delaware courts have repeatedly emphasized that an element of fraud must be found in order to pierce the veil of a Delaware limited liability company. [See: *Mason v. Network of Wilm., Inc.,* 2005 WL 1653954, at *3 (Del. Ch. July 1, 2005); *Sunstates Corp. S'holder Litig.,* 788 A.2d 530, 534 (Del. Ch. 2001)]

The "injustice" alleged by Plaintiff [SAC, p. 18, ⁋89] is insufficient to justify disregarding the separate existence of the Entity Defendants. Any breach of contract and any alleged tort, is, in some sense, an injustice. But,*"this type of 'injustice' is not what is contemplated by the common law rule that piercing the corporate veil is appropriate only upon a showing of fraud or something like fraud."* [*Mobil Oil*

*Corporation v. Linear Films, Inc.,* 718 F. Supp. 260, 268 (Dist. Court, D. Delaware 1989)]

*"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."* [FRCP Rule 9(b)] The SAC simply fails to supply the necessary allegations to meet this requirement.

**B. There are Insufficient Allegations of Inadequate Capitalization or Insolvency.**

Notwithstanding Plaintiff's protestations to the contrary [Opp., p.11, line 3-5; citing SAC ¶¶ 88, 92 & 100], the SAC lack sufficient allegations that the Entity Defendants were inadequately capitalized or insolvent:

(i) When they were formed,

(ii) In 2019 when Plaintiff loaned Pharma Funding funds, or

(iii) That the Entity Defendants (or Moving Defendants) entered into the loan with Plaintiff while knowing that Pharma Funding or the Entity Defendants had no funds, assets, or resources to honor the loan.

As such, the SAC is devoid of facts sufficient to support an inference of undercapitalization, insolvency or that Moving Defendants created a sham entity designed to defraud creditors. [See: *Woolly Threads, LLC v Glass-U, LLC*, Civil Action No. 19-626-SDD-RLB., (Dist. Ct., ED Louisiana, Nov. 18, 2022); applying Delaware law to alter ego claim.]

Further, Plaintiff's references to ¶¶ 88, 92 & 100 [Opp., p.11:3-5] either do not support these requirements, or are not part of the alter ego claim. Specifically:

(1) Paragraph 88 does not allege that Pharma Funding was undercapitalized when organized or when the loan was made. Rather, it was *"left undercapitalized and unable to satisfy Plaintiff's existing judgements* [sic]" [SAC, ¶88, p. 17: 13-15], as a result of *"intra-company transfers of inventory from Pharma Funding to Pharma ARAV and/or Wellness Funding, as well subsequent*

*sales of inventory to other parties, such as Romeo Valentino."* [SAC, p. 17; ⁋ 86, lines 7-9]

These alleged events occurred in 2023, at least four years after Plaintiff's 2019 loan. [See: SAC, ⁋18, p.5:8-9; ⁋46, p.10:11-13; ⁋64, p.14:8-12; and ⁋66, p.14:19-21]

(2) Paragraphs 92 & 100 are not part of the First Cause of Action for Alter Ego. [1] As such, these allegations cannot be relied upon to support its alter ego claim. [See: FRCP Rules 8(a)(2) & 10(b)]

**C. There Are Inadequate Allegations of Exclusive Dominion and Control Such That the Entity Defendants Had No Independent or Legal Significance.**

The SAC makes several conclusionary allegations that the Entity Defendants were "controlled" by Moving Defendants. [2]

However, in order to state a cognizable claim to pierce the corporate veil the SAC must allege facts that demonstrate the Moving Defendants' complete domination and control of the Entity Defendants such that the Entity Defendants no longer have legal or independent significance of their own. [*Wallace v. Wood* (1999) 752 A.2d 1175, 1183-1184]

Plaintiff contends that the SAC's allegations that because Ms. Tomchak an Mr. Narayanan were the sole managers of the Entity Defendants that they have met this high standard. [Opp., p.9:24-27, p.10:1-4]

However, this is directly contrary to both California [3] and Delaware law. [4]

---

[1] They are only part of the Second Cause of Action for Fraudulent Transfer.

[2] [SAC, ⁋⁋ 2, 29, 30, 35, 38 and 85]

[3] *"No person who is a manager or officer or both a manager and officer of a limited liability company shall be personally liable under any judgment of a court, or in any other manner, for any debt, obligation, or liability of the limited liability company, whether that liability or obligation arises in contract, tort, or otherwise,*

**D. There are Insufficient Allegations of Siphoning of Funds by Moving Defendants**

The sole allegation that Moving Defendants "siphoned" funds from the Entity Defendants is the following vague claim:

*"Narayanan and Tomchak further siphoned funds from Pharma Funding by repeatedly paying themselves purported "management fees" from Pharma Funding's accounts."* [SAC, p.18, ⁋87]

There is no specificity as to when these payments were made, the amount of these payments or that these payments rendered Pharma Funding insolvent.

**III. DELAWARE LAW ALTER EGO LAW SIGNIFICANTLY DIFFERS FROM CALIFORNIA**

**A. Plaintiff Acknowledges Delaware Law Applies to its Alter Ego Claim**

Plaintiff's Opposition concedes that Delawar law shall apply to its alter ego claims against Moving Defendants. [citation]

**B. Plaintiff Inappropriately Cites California Law and Mischaracterises Delaware Law**

Plaintiff's Opposition contends that *"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests."* citing *Mid-Century Ins. Co. v. Gardner* (1992) 9 Cal.App.4th 1205, 1212. [Opp. P.7:13-16]

---

*solely by reason of being a manager or officer or both a manager and officer of the limited liability company."* [Cal. Corp. Code § 17158, subd. (a)]

[4] *"Except as otherwise provided by this chapter, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company."* [Del. Code, Title 6, § 18-303(a)]

This contention and case are inapplicable to the present action since it recites California law, not that of Delaware.

Plaintiff also incorrectly cites *In re Hydroxycut Marketing and Sales Practices Litig.,* 810 F. Supp. 2d 1100, 1121-22 & n. 10 (S.D. Cal. 2011) and *JPV I L.P. v. Koetting,* (2023) 88 Cal. App. 5th 172, 202 (2023) for the proposition that *"Delaware and California law are fundamentally similar."* [5]

The alter ego laws of these states materially differ. No element of fraud need be found or alleged under California law, only an "inequitable result."

*"In California, two conditions must be met before the alter ego doctrine will be invoked. First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone."* [*Sonora Diamond Corp. v. Superior Ct.* (2000) 83 Cal. App. 4th 523, 538, emphasis added.]

---

[5] The Court in *JPV I L.P. v. Koetting*, only found that there is *"no indication that the application of Delaware alter ego law would lead to a different result"* because there had already been a final arbitration judgment in which the Arbitrator *"ruled that the Koettings* [the LLC's Members] *were jointly and severally liable with the LLCs as their alter egos."* [Id, at 181]

And, unlike here, the arbitrator already found ample evidence of fraud, that defendants:

*"[W]ithdrew almost $1.5 million from Rockhill's bank account the month after the judgment was entered, leaving Rockhill's bank account empty, while* [Mr. Koetting's] *other company, GDA, continued to operate the competing BLS portfolio, with no sale of assets from Rockhill to GDA."* [Id, at 184]

Had employees diverted customers to a competing business owned by the Defendants,

Defendant *"directed nearly $11 million from Clear Loan to another entity he controlled, Prairie Gate I (Prairie Gate), claiming it was repayment for a $2.8 million loan, effectively giving Prairie Gate a 385 percent return."*

And, Defendant *"admitted that his other LLC (MRC) had used Redondo's assets to manage the competing AvailBlue portfolio, with no sale or other transfer of fair value."* [Id, at 184]

As shown above, an inequitable result is not proper grounds for piercing the corporate veil under Delaware law.

Nevertheless, one commonality between California and Delaware is that Plaintiff's *"[d]ifficulty in enforcing a judgment or collecting a debt"* is not sufficient grounds for piercing the corporate veil. [*Id,* at 539]

## IV THE SECOND CAUSE OF ACTION FOR FRAUDULENT TRANSFER FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANTS

If the SAC fails to allege a sufficient facts to support its claim against Moving Defendants under an alter ego theory, it certainly lack sufficient facts to hold Moving Defendants liable for the sale of inventory by Pharma Funding ARAV to a third party under the Second Cause of Action's Fraudulent Transfer theory. [See: *Verdantus Advisors, LLC v. Parker Infrastructure Partners, LLC,* C.A. No. 2020-0194-KSJM, Order, p. 6, ⁋11 (Del. Ch. Mar. 2, 2022); *Wallace v Wood*, supra, at 1183]

Moving Defendants are not liable for the alleged actions of the Entity Defendants. [Del. Code, Title 6, § 18-303(a)]

## V. PLAINTIFF CONCEDES THAT THE SAC CONTAINS FALSE ALLEGATIONS.

### A. The SAC Falsely Alleges Defendants Sold Inventory in Violation of a Court Order

Plaintiff's Opposition attempts to diminish the SAC's false allegation that *"Defendants have sold the at-issue inventory to a third-party (in violation of a court order forbidding them from doing so)..."* [SAC p.3, ⁋5, lines 6-7] by stating that:

*"The Alabama Court held a contempt hearing on February 6, 2024, which was continued on March 28 and 29, 2024. The Alabama Court ultimately declined to hold those defendants in contempt."* [Opp., p. 5:1-3]

The Court did far more than decline to hold defendants in contempt, rather the Court specifically found that *"none of the Defendants violated the terms of the Court's Seizure Order."* [Court Order, ECF 1.1, at p. 717].

**B. The SAC Falsely Alleges the Existence of Intercompany Transfers**

The Opposition ignores the false allegation in the SAC that: *"Pharma Funding has produced bank account statements to Plaintiff which reflect repeated intercompany transfers among Pharma ARAV, Pharma Funding and Wellness Funding."* [SAC, p.9, ⁋37:14-16]

Rather, the Entity Defendants used a common Clearing Account from which funds were then *"disbursed to the respective entities based on what is due to those entity."* [SAC, Exh. D, ECF 38-4 at p.58:18-25 and p.59:1-25]

**E. The SAC Falsely Alleges Service of Pre-Judgment Writ of Attachment**

SAC also falsely alleges that Plaintiff served its request for pre-judgment writ of seizure on the Entity Defendants [SAC, ⁋ 62]. In fact, the Alabama court specifically found that Plaintiff failed to serve its request for pre-judgment writ of seizure. [Court Order, ECF 1.1, ⁋6 @170.]

**F. The SAC Falsely Claims No Denial or Explanation of Inventory**

Paragraph 44 of the SAC falsely alleges:

*"Pharma Funding has offered no further explanation or attempted denial of this clear commingling of inventory among Pharma Funding, Pharma ARAV and Wellness Funding."* [SAC, p. 11:1-3]

However, the SAC [SAC, p.16, ⁋76] specifically references in Court testimony of Mr. Narayanan of February 6, 2024 [ECF,1-1, 648, etc.], which testimony not only denies any comingling of inventory, but provides, in exhaustive detail how the inventory of different Entities was handled.

Perhaps even more significantly, that testimony details that the inventory in Alabama was subject to a priority secured lien by another lender (Cadence) and a warehouse lien.

## VI. THE OPPOSITION DOES NOT EFFECT AN AMENDMENT TO THE SAC

Though Plaintiff's Opposition (either explicitly or implicitly through omission) concedes that the allegations of the SAC are false, this does not change the fact that the SAC relies on a variety of false allegations to support its claims.

It axiomatic that the SAC cannot be amended by Plaintiff's Opposition Brief. [See: *In re Baker Hughes Sec. Litig.,* 136 F.Supp.2d 630, 646 (S.D.Tex.2001), citing *O'Brien v. Nat'l Prop. Analysts Partners,* 719 F.Supp. 222, 229 (S.D.N.Y.1989)]

## VII CONCLUSION

When boiled down to its essence, Plaintiff's mistakenly relies on a claim that because it may be "unfair" that it cannot collect on its Judgment, it should be able to pierce the limited liability "veil" and hold managers and certain members personally liable. This is not the appropriate standard.

As demonstrated, The First Cause of Action of Plaintiff's SAC, fails to allege sufficient facts to meet the very high standard of demonstrating the fraud necessary to support a claim of alter ego against the Moving Defendants under applicable (Delaware) law.

The mere conclusory allegations contained in the SAC need not be accepted as true without specific, supporting facts – which the SAC lacks. [*Winner Acceptance Corp. v. Return on Capital Corp.,* supra, at p. 15]

Therefore, without a viable claim for piercing the "corporate" (LLC) veil, there is no basis to support a claim against Moving Defendants on the Second Cause of Action for Fraudulent or Voidable Transaction.

In light of the foregoing, it is respectfully requested that Moving Defendants' Motion to Dismiss be granted, without leave to amend.

Respectfully submitted,

LAW OFFICES OF RANDY K. VOGEL

DATED: March 17, 2025

By */s/ Randy Vogel* .
Randy K. Vogel, Attorneys for Defendants

**L.R. 11-6.2. CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Moving Defendant, certifies that this brief contains 2,213 words, which complies with the word limit of L.R. 11-6.1.

LAW OFFICES OF RANDY K. VOGEL

DATED: March 17, 2025

By */s/ Randy Vogel* .
Randy K. Vogel, Attorneys for Defendants