RANDY K. VOGEL (Bar No. 113674)
LAW OFFICES OF RANDY K. VOGEL
24338 El Toro Road, Suite E-334
Laguna Woods, CA 92637
Telephone: (949) 987-6096

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROCESSPOINT INVESTMENTS LIMITED,<br>Plaintiff,<br>v.<br>PHARMA FUNDING, LLC, et al,<br>Defendants. | Case No. 8:24-cv-01593 JVS-DFM<br><br>**DEFENDANTS ANAND NARAYNAN, AMY TOMCHAK, LCAP ADVISORS, LLC, AND COGENT ELEVEN, LLC'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Defendants, Anand Narayanan, Amy Tomchak, LCAP Advisors, LLC and Cogent Eleven, LLC ("Defendants"), for themselves alone, by and through its counsel of record, answers the Plaintiff's Second Amended Complaint by admitting, denying and alleging as follows:

1. As to Paragraph 1, Defendants Admit these allegations.

2. As to Paragraph 2, Defendants Admit "Plaintiff brings this action to enforce that judgment." As to the remaining allegations, Defendants deny them.

3. As to Paragraph 3, Defendants Deny these allegations.

4. As to Paragraph 4, Defendants Deny these allegations.

5. As to Paragraph 5, Defendants Deny these allegations.

6. As to Paragraph 6, Defendants Deny these allegations.

7. As to Paragraph 7, Defendants lack sufficient information or belief to admit or deny these allegations, and therefore Deny them.

8. As to Paragraph 8, Defendants admit that Wellness Funding is a Delaware limited liability company. As to the remaining allegations, Defendants Deny them.

9. As to Paragraph 9, Defendants Admit these allegations.

10. As to Paragraph 10, Defendants Admit these allegations.

11. As to Paragraph 11, Defendants lack information or belief to admit or deny these allegations and therefore Deny them.

12. As to Paragraph 12, Defendants lack information or belief to admit or deny these allegations and therefore Deny them.

13. As to Paragraph 13, Defendants lack information or belief to admit or deny these allegations and therefore Deny them.

14. As to Paragraph 14, Defendants lack information or belief to admit or deny these allegations and therefore Deny them.

15. As to Paragraph 15, Defendants Deny these allegations.

16. As to Paragraph 16, Defendants Admit these allegations.

17. As to Paragraph 17, Defendants Admit that in 2019, Pharma Funding issued an interest-bearing Promissory Note to Plaintiff (as amended, the “Note”), pursuant to which Plaintiff loaned $3,200,000 to Pharma Funding. As to the remaining allegations, Defendants deny them.

18. As to Paragraph 18, Defendants admit Pharma Funding defaulted on the Note in 2022, and that Plaintiff then sued Pharma Funding in the action titled Processpoint Investments Limited v. Pharma Funding, LLC, Index No. 652586/2022, in the Supreme Court of the State of New York, New York County (the “New York Action”) and obtained a judgment against Pharma Funding in the amount of $3,504,545.16, with post-judgment interest (the “New York Judgment”).

As to the remaining allegations, Defendant lacks information or belief to admit or deny them and therefore Denies them.

19. As to Paragraph 19, Defendants Admits these allegations.

20. As to Paragraph 20, Defendants admit that Plaintiff has taken certain post-judgment discovery in California from Pharma Funding, including judgment-debtor examination of Pharma Funding (with Narayanan testifying as its representative) in two sittings. As to the remaining allegations, Defendants Deny them.

21. As to Paragraph 21, Defendants Admits that Plaintiff also registered its judgment against Pharma Funding in Alabama. As to the remaining allegations Defendants Deny them.

22. As to Paragraph 22, Defendants lack information or belief ti admit or dent these allegations and therefore Deny them.

23. As to Paragraph 23, Defendants Deny these allegations.

24. As to Paragraph 24, Defendants Deny these allegations.

25. As to Paragraph 25, Defendants Admit these allegations.

26. As to Paragraph 26, Defendants Admit these allegations.

27. As to Paragraph 27, Defendants Admit these allegations.

28. As to Paragraph 28, Defendants admit Pharma Funding's Amended and Restated Operating Agreement designates Wellness Funding as its manager, with Narayanan and Tomchak each signing Pharma Funding's Operating Agreement as "Managers" on behalf of Wellness Funding and that Pharma Funding is 100% owned by Wellness Funding, As to the remaining allegations, Defendants Deny them.

29. As to Paragraph 29, Defendants Admit that LCAP Advisors is a member of Wellness Funding. As to the remaining allegations, Defendants deny them.

30. As to Paragraph 30, Defendants Deny these allegations.

31. As to Paragraph 31, Defendants Admit these allegations.

32. As to Paragraph 32, Defendants Admit that LCAP Advisors and Cogent Eleven are some of the Members of Wellness Funding, LLC, but as to the remaining allegations, Defendants Deny them.

33. As to Paragraph 33, Defendants Deny these allegations.

34. As to Paragraph 34, Defendants Deny these allegations.

35. As to Paragraph 35, Defendants Deny these allegations.

36. As to Paragraph 36, Defendants Admit that as required by law and good business practice, Pharma Funding, Pharma ARAV, and Wellness Funding have filed consolidated tax returns. As to the remaining allegations, Defendants Deny them.

37. As to Paragraph 37, Defendants Deny these allegations.

38. As to Paragraph 38, Defendants Deny these allegations.

39. As to Paragraph 39, Defendants Deny these allegations.

40. As to Paragraph 40, Defendants Deny these allegations.

41. As to Paragraph 41, Defendants Deny these allegations.

42. As to Paragraph 42, Defendants Admit that Defendants (through their counsel) told Plaintiff that the spreadsheet provided by Tomchak in December 2021 actually contained “comprehensive” purchase and sales information for all of Pharma Funding, Pharma ARAV and Wellness Funding. As to the remaining allegations, Defendants Deny them.

43. As to Paragraph 43, Defendants Admit that Defendants that “some later accounting details may be inaccurate” since “Pharma has lacked funds to engage a qualified accountant since early 2022.” And that Narayanan testified “we haven’t done our [accounting] books since May of 2022.” As to the remaining Allegations, Defendants Deny them.

44. As to Paragraph 44, Defendants Deny these allegations.

45. As to Paragraph 45, Defendants admit that Mr. Narayanan testified that Pharma Funding has no inventory anymore. As to the remaining allegations, Defendants Deny them.

46. As to Paragraph 46, Defendants admit that Pharma Funding had owned a quantity of nitrile gloves as inventory in La Mirada, California, which gloves were "liquidated" in early 2023. As to the remaining allegations, Defendants Deny them.

47. As to Paragraph 47, Defendants Deny these allegations.

48. As to Paragraph 48, Defendants Deny these allegations.

49. As to Paragraph 49, Defendants Deny these allegations.

50. As to Paragraph 50, Defendants Admit these allegations.

51. As to Paragraph 51, Defendants Admit these allegations.

52. As to Paragraph 52, Defendants Deny these allegations.

53. As to Paragraph 53, Defendants Deny these allegations.

54. As to Paragraph 54, Defendants Deny these allegations.

55. As to Paragraph 55, Defendants Admit Exhibit E is a copy of an email sent by a Pulse Medical Finance employee. As to the remaining allegations, Defendants Deny them.

56. As to Paragraph 56, Defendants Admit that inventory moved from California did not belong to Pharma Funding, but was instead owned by Pharma ARAV or Wellness Funding. As to the remaining allegations Defendants Deny them.

57. As to Paragraph 57, Defendants Deny these allegations.

58. As to Paragraph 58, Defendants Deny these allegations.

59. As to Paragraph 59, Defendants have no information or belief to admit or deny these allegations and there Deny them.

60. As to Paragraph 60, Defendants Deny these allegations.

61. As to Paragraph 61, Defendants Deny these allegations.

62. As to Paragraph 62, Defendants Deny these allegations.

63. As to Paragraph 63, Defendants Admit these allegations.

64. As to Paragraph 64, Defendants Admit these allegations.

65. As to Paragraph 65, Defendants Admit these allegations.

66. As to Paragraph 66, Defendants Admit these allegations.

67. As to Paragraph 67, Defendants Admit that none of those proceeds were permitted to be applied toward Plaintiff's judgments against Pharma Funding. As to the remaining allegations, Defendants Deny them.

68. As to Paragraph 68, Defendants Deny these allegations.

69. As to Paragraph 69, Defendants Admit these allegations.

70. As to Paragraph 70, Defendants Deny these allegations.

71. As to Paragraph 71, Defendants Admit that in his affidavit submitted to the Alabama court Mr. Narayanan identified Romeo Valentino as the purchaser of the at-issue gloves. As to the remaining allegations Defendants Deny them.

72. As to Paragraph 72, Defendants Deny these allegations.

73. As to Paragraph 73, Defendants Admit Pharma Funding produced an invoice, dated July 31, 2023, for a separate sale of nitrile gloves to Romeo Valentino for $83,934. As to the remaining allegations, Defendants deny them.

74. As to Paragraph 74, Defendants Admit that Mr. Narayanan testified during a February 6, 2024 show-cause hearing in Alabama that "the one in Tennessee would have been Wellness … and the one in Alabama would have been Pharma ARAV." As to the remaining allegations, Defendants Deny them.

75. As to Paragraph 75, Defendants Deny these allegations.

76. As to Paragraph 76, Defendants Admit that Mr. Narayanan testified at the February 6, 2024, show-cause hearing in Alabama that "we had made some mistakes in invoicing" and "we essentially had to reconcile some of these mistakes,

and maybe we have [reconciled all of them], and maybe we haven't." As to the remaining allegations, Defendant Deny them.

77. As to Paragraph 77, Defendants Deny these allegations.

78. As to Paragraph 78, Defendants Deny these allegations.

79. As to Paragraph 79, Defendants reallege and incorporated here their answers to Paragraphs 1 to 78.

80. As to Paragraph 80, Defendants Deny these allegations.

81. As to Paragraph 81, Defendants Deny these allegations.

82. As to Paragraph 82, Defendants Deny these allegations.

83. As to Paragraph 83, Defendants Deny these allegations.

84. As to Paragraph 84, Defendants Deny these allegations.

85. As to Paragraph 85, Defendants Deny these allegations.

86. As to Paragraph 86, Defendants Deny these allegations.

87. As to Paragraph 87, Defendants Deny these allegations.

88. As to Paragraph 88, Defendants Deny these allegations.

89. As to Paragraph 89, Defendants Deny these allegations.

90. As to Paragraph 90, Defendants reallege and incorporated here their answers to Paragraphs 1 to 89.

91. As to Paragraph 91, Defendants Deny these allegations.

92. As to Paragraph 92, Defendants Deny these allegations.

93. As to Paragraph 93, Defendants Deny these allegations.

94. As to Paragraph 94, Defendants Deny these allegations.

95. As to Paragraph 95, Defendants Deny these allegations.

96. As to Paragraph 96, Defendants Deny these allegations.

97. As to Paragraph 97, Defendants Deny these allegations.

98. As to Paragraph 98, Defendants Deny these allegations.

99. As to Paragraph 99, Defendants Deny these allegations.

100. As to Paragraph 100, Defendants Deny these allegations.

101. As to Paragraph 101, Defendants Deny these allegations.

**AFFIRMATIVE DEFENSES**

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that subsequent discovery and investigation indicate are proper.

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff's First Cause of Action fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's Second Cause of Action fails to state a cause of action upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

3. Defendants complied with all relevant laws and observed all requirements for separate existence.

**FOURTH AFFIRMATIVE DEFENSE**

4. The entity Defendants' were each adequately capitalized.

**FIFTH AFFIRMATIVE DEFENSE**

5. Defendants did not comingle assets nor transfer assets for the use of any managers or members.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendants' actions were always undertaken in an equitable and proper purpose and in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendants' each received reasonably equivalent value for the transfer or sale of any assets.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendant Pharma Funding ARAV, LLC reasonably resolved all of its outstanding obligations to its creditors through to sale of assets.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff lacks standing to assert any claims against Defendants Pharma Funding ARAV, LLC or Wellness Funding, LLC.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff has no right to payment from Defendants Pharma Funding ARAV, LLC or Wellness Finding, LLC.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The Court lacks supplemental jurisdiction over Plaintiff's California state law claims.

**TWELFE AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff has not suffered any injury.

**FOURTENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claimed are barred in whole or in part by the doctrine of waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's has failed to mitigate its damages, if any there be, thereby barring or limiting recovery.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims are frivolous, without factual or legal support, lack merit, and have been brought in bad faith, justifying monetary and other sanctions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claims are barred by the doctrine of unclean hands.

**WHEREFORE,** Defendants pray for judgment as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;
2. That Plaintiff takes nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendants;
3. That Defendants be awarded its costs incurred in defending this action;
4. That Defendants be awarded reasonable attorney's fees;
5. For such other and further relief as may be just and proper.

LAW OFFICES OF RANDY K. VOGEL

DATED: April 9, 2025

By *[s] Randy K. Vogel* .
Randy K. Vogel, Attorneys for Defendants, Anand Narayanan, Amy Tomchak, LCAP Advisors, LLC and Cogent Eleven, LLC

**DEMAND FOR JURY TRIAL**

Defendants, Anand Narayanan, Amy Tomchak, LCAP Advisors, LLC and Cogent Eleven, LLC demand a jury trial on all issues triable by right of jury as provided by Federal Rule of Civil Procedure 38.

LAW OFFICES OF RANDY K. VOGEL

DATED: April 9, 2025

By *[s] Randy K. Vogel* .
Randy K. Vogel, Attorneys for Defendants, Anand Narayanan, Amy Tomchak, LCAP Advisors, LLC and Cogent Eleven, LLC